UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARCELL ANDRE MCCANTS,

   Plaintiff,

v.   CAUSE NO. 3:21-CV-116 DRL-MGG

SGT. CALLOWAY,

   Defendant.

OPINION AND ORDER

Darcell Andre McCants, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. McCants alleges that on December 11, 2020, a "brawl" broke out at Miami Correctional Facility. He claims that while this was underway, Sergeant Calloway (first name unknown) "allow[ed] a few inmates" from the area where the brawl was occurring to enter his dorm. These inmates started another fight, and as Mr. McCants was leaving

his cell, he was cut in the face and stabbed in the neck by one of the inmates. He seeks monetary damages against Sergeant Calloway for his pain and suffering.[1]

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

The events Mr. McCants describes could give rise to an Eighth Amendment claim. However, he does not provide sufficient factual content about what Sergeant Calloway did to "allow" the other inmates to enter his dorm. In other words, it is unclear if he is claiming Sergeant Calloway took deliberative steps to allow these inmates into his dorm, knowing the risk of harm it posed, or if he is claiming the officer simply did not do enough to control the brawl. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth*

---

[1] Mr. McCants also mentions a National Guard officer who was temporarily working at the prison, but he does not name this individual as a defendant.

2

*v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Rather, to proceed against Sergeant Calloway for an Eighth Amendment violation, he must provide sufficient and plausible factual matter for the court to infer deliberate indifference by the officer, and he has not done so. *Iqbal*, 556 U.S. at 678. He states that Sergeant Calloway "did not follow safety and security protocol," but a violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

The current complaint does not state a plausible claim for relief. In the interest of justice, the court will allow Mr. McCants to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **May 5, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

March 29, 2021 *s/ Damon R. Leichty*
Judge, United States District Court