UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARCELL ANDRE MCCANTS,

    Plaintiff,

v.                                        CAUSE NO. 3:21-CV-116 DRL-MGG

SGT. CALLOWAY,

    Defendant.

## OPINION AND ORDER

Darcell Andre McCants, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 (ECF 13). Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court gives a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. McCants's original complaint. It failed to state a plausible claim. The court gave him an opportunity to replead. After some interim delay, he filed

the present complaint.[1] Like his original complaint, he alleges that on December 11, 2020, a "brawl" broke out at Miami Correctional Facility. He claims that while this was underway, inmates from the area where the brawl was occurring entered his side of the housing unit and started another fight. As Mr. McCants was leaving his cell, he was beaten and stabbed by one of the inmates involved in the fight. Based on these events, he seeks monetary damages against Warden William Hyatte, Major George Payne, Sergeant Calloway (first name unknown), and two "John Doe" National Guardsmen who were working at the prison on the date of this incident.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent

---

[1] The case was dismissed pursuant to 28 U.S.C. § 1915A after Mr. McCants did not file an amended complaint by the May 5, 2021, deadline set in the screening order. He later moved to reopen, and the court granted his request and afforded him until July 9, 2021, to file an amended complaint. He subsequently sought and obtained a 45-day extension of that deadline. In sum, he has had approximately five months to prepare and file an amended complaint since the screening order issued.

the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As this circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . We have previously held that statements like those made by [plaintiff] are insufficient to alert officers to a specific threat. In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. . . . This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

It is unfortunate that Mr. McCants was injured, but he has not plausibly alleged a deliberate indifference claim against any defendant. As to Warden Hyatte, Major Payne, and Sergeant Calloway, it is apparent that he is trying to hold them liable solely because they held supervisory positions at the prison. That is not a viable basis for imposing liability under 42 U.S.C. § 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these defendants cannot be held liable for the misdeeds of other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the amended complaint to

infer that these defendants were subjectively aware that Mr. McCants was at risk of being attacked, that they facilitated the attack, or that they turned a blind eye to a risk to his safety. He has not alleged a plausible deliberate indifference claim against these defendants.

As to the John Doe defendants, Mr. McCants alleges that due to a staff shortage at the prison,[2] they were responsible for monitoring the sliding mechanical doors between the two sections of his housing unit on the date he was injured. He claims that somehow a button was pushed opening both doors at the same time, which allowed inmates from the area where the brawl was occurring to enter his section of the unit. He claims that "[o]ffenders are often assigned to one side of a housing unit to avoid contact with a rival offender on an opposite side of the same unit." However, he makes clear that he was in a general population housing unit, and he does not allege that he personally had a rival on the other side of the unit from whom he needed protection, or that the John Doe defendants were specifically warned that he was at risk of being attacked by other inmates if both doors were opened.

At best, the complaint suggests that the John Doe defendants may have performed their temporary duties negligently. However, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). He claims that these defendants violated several prison policies by opening both doors at the same time,

---

[2] It can be discerned that the National Guardsmen were performing duties at the prison due to staff shortages caused by the COVID-19 pandemic.

but a violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

The amended complaint does not state a plausible claim for relief. Mr. McCants has already been afforded an opportunity to amend his complaint, and the court finds no basis to conclude that if given another opportunity, he could assert a viable constitutional claim consistent with the allegations he has already made. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close the case.

SO ORDERED.

September 1, 2021                                        *s/ Damon R. Leichty*
                                                         Judge, United States District Court